UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JACQUELINE FERNANDEZ, *On behalf of herself and* :
*all others similarly situated*, :
:
                                   Plaintiff,       :             24-CV-9219 (JMF)
:
                  -v-                              :            ORDER OF DISMISSAL
:
LLARDO USA, INC., :
                                 Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On April 4, 2025, Plaintiff was given until April 18, 2025, to file a motion for default judgment, *not* merely a request for a Clerk's Certificate of Default. See ECF No. 9. To date, Plaintiff has failed to file any motion for default judgment.

       The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).

       In this case, Plaintiff was expressly advised that "[i]f no motion for default judgment is filed by the deadline [of April 18, 2025], the case may be dismissed for failure to prosecute without further notice to the parties." ECF No. 9. In light of Plaintiff's apparent lack of desire to move for default judgment against the Defendant, dismissal of the case is warranted. However, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser

sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: April 22, 2025
      New York, New York

                                            JESSE M. FURMAN
                                           United States District Judge

2